UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WAYNE ARNOLD,           )
                                )
                 Petitioner,    )       Case No. 1:05-cv-653
                                )
v.                              )       Honorable Gordon J. Quist
                                )
STATE OF MICHIGAN et al.,       )
                                )
                 Respondents.   )
_____)

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of jurisdiction.

## Factual Allegations

Petitioner was convicted in the Bay County Circuit Court of second-degree criminal sexual conduct (person under 13) (CSC II), MICH. COMP. LAWS § 750.520c(1)(a).  On August 4,

1993, the trial court sentenced him as an habitual offender to imprisonment of forty to ninety months. The Michigan Court of Appeals affirmed his conviction on July 28, 1994. Petitioner did not apply for leave to appeal in the Michigan Supreme Court. Petitioner's sentence was fully discharged on December 3, 1999.

In 2003, Petitioner was convicted in the Bay County Circuit Court of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a) (person under 13) (CSC I). On November 17, 2003, the trial court sentenced him as an habitual offender to imprisonment of thirty to sixty years.

In the instant application for habeas corpus relief, Petitioner challenges only his 1993 conviction. He raises the following grounds for relief: (1) Petitioner was denied a fair trial when a witness for the prosecution testified that Petitioner took a polygraph test; (2) Petitioner's Fifth Amendment rights were violated when the trial court admitted an alleged signed confession that Petitioner denies having made; (3) and the trial court violated Petitioner's Eighth Amendment right against cruel and unusual punishment by giving him a prior record variable score of 50.

## Discussion

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a). *Maleng*, 490 U.S. at 492. Thus, when a petitioner's current sentence has been enhanced by a prior conviction, for which the sentence

- 2 -

imposed has completely expired, the petitioner may not attack the prior conviction indirectly through an attack upon his current sentence if the prior conviction is no longer subject to challenge of its own accord. *Id.* at 403-04.

The sentence for Petitioner's 1993 CSC II conviction expired on December 3, 1999. Petitioner, therefore, is in custody only pursuant to his 2003 CSC I conviction. Because Petitioner no longer is "in custody" pursuant to the 1993 conviction, he may not directly attack the 1993 CSC II conviction through the instant habeas petition. *See* 28 U.S.C. § 2254(a); *Lackawanna*, 532 U.S. at 401. Furthermore, even if the petition is construed as an attack upon his current sentence for CSC I, which was enhanced by his 1993 conviction, he may not collaterally attack his 1993 conviction because that conviction is conclusively valid and no longer subject to challenge in its own right. *See Lackawanna*, 532 U.S. at 403-04.

Moreover, Petitioner does not fall within either of the exceptions set forth in *Lackawanna*. *Id.* at 404-06; *see also Kerr v. Hedrick,* 89 F. App'x 962, 963 (6th Cir. 2004); *Ferqueron v. Straub*, 54 F. App'x 188, 190 (6th Cir. 2002). Petitioner does not allege that his 1993 CSC II conviction was obtained in the absence of counsel, and the Michigan court system provides a forum for defendants to challenge their convictions.

Accordingly, the petition will be dismissed for lack of jurisdiction.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

- 3 -

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the

court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims.  *Id.*

A Judgment consistent with this Opinion will be entered.

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  February 17, 2006                              _____/s/ Gordon J. Quist_____
                                                                        GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE